# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ROSAS, | CASE NO. 1:11-cv-01213-SKO PC |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| BITER, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**First Screening Order**

**I.      Screening Requirement and Standard**

Plaintiff Richard Rosas, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 22, 2011. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)) (quotation marks omitted). While

1  a plaintiff's allegations are taken as true, courts are not required to indulge unwarranted inferences.
2  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (quotation marks and citation
3  omitted).
4        Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings
5  liberally construed and to have any doubt resolved in their favor, but the pleading standard is now
6  higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive
7  screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to
8  allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged,
9  Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. U.S. Secret Service, 572
10 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not
11 sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal,
12 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.
13 **II.**     **Plaintiff's Complaint**
14     **A.**     **Summary of Allegations**
15       Plaintiff, who is incarcerated at Kern Valley State Prison (KVSP) in Delano, California,
16 brings this action against prison officials at KVSP for violating his rights under the Eighth
17 Amendment of the United States Constitution.  Plaintiff's claim arises out of a delay in the treatment
18 of his broken wrist.
19       Plaintiff alleges that he injured his wrist on November 19, 2008, and he sought medical care
20 between November 19, 2008, and November 23, 2008, without success.  On November 24, 2008,
21 Plaintiff was seen by Defendant Dileo, a physician, who prescribed pain medication and informed
22 Plaintiff that his wrist was broken and he would need surgery.  Plaintiff began pursuing an inmate
23 appeal requesting medical care on December 1, 2008.  Plaintiff alleges that due to a delay in
24 receiving treatment, his wrist is deformed and still causes him pain.
25     **B.**     **Eighth Amendment Medical Care Claim**
26         **1.**     **Legal Standard**
27       To maintain an Eighth Amendment claim based on medical care in prison, Plaintiff must
28 show deliberate indifference to his serious medical needs.  Jett v. Penner, 439 F.3d 1091, 1096 (9th

2

Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)) (quotation marks omitted). The two-part test for deliberate indifference requires Plaintiff to show (1) a serious medical need by demonstrating that failure to treat his condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096 (quotation marks and citation omitted).

The existence of an injury that a reasonable doctor would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, and the existence of chronic or substantial pain are indications of a serious medical need. Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (citing McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by* WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)) (quotation marks omitted); Doty v. County of Lassen, 37 F.3d 540, 546 n.3 (9th Cir. 1994). Unquestionably, a broken bone constitutes a serious medical need. However, Plaintiff must also show that Defendants acted with deliberate indifference, which is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference. Jett, 439 F.3d at 1096 (citation and quotation marks omitted). Deliberate indifference may be manifested when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care. Id. (citation and quotations omitted). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1060.

**2.     Discussion**

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. Iqbal, 556 U.S. at __, 129 S.Ct. at 1948-49; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, Iqbal, 556 U.S. at __, 129 S.Ct. at 1948-49; Ewing, 588 F.3d at 1235, and administrators may only be held liable if they "participated

3

in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).  Some culpable action or inaction must be attributable to Defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy, as alleged here, may support a claim, the policy must have been the moving force behind the violation.  Starr, 652 F.3d at 1205; Jeffers v. Gomez, 267 F.3d 895, 914-15 (9th Cir. 2001); Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).

Plaintiff's exhibits indicate that he was seen by a physician on November 19, 2008, which was the date of his injury; he was diagnosed with a broken wrist and given an urgent referral to an orthopedic surgeon. (Comp., court record pp. 36, 40.)  Plaintiff was subsequently seen on December 3, 2008, at the Colonial Medical Group by Dr. Chandrasekaran.  (Id., p. 44-47.)  By that time, the fracture had begun to heal and Dr. Chandrasekaran noted that Plaintiff did not want surgery.  (Id.)

Plaintiff's exhibits, which include records showing that x-rays were taken on November 19, 2008, contradict his allegation that he was not seen and treated the day of his injury.  There is, however, support for his claim that the delay in being seen by an orthopedic surgeon caused some further injury to his wrist.  Who was responsible for that delay or whether the delay was attributable to deliberate indifference is not adequately pled, though.

Plaintiff has been provided with the applicable legal standards in this order and he may file an amended complaint curing the linkage deficiencies.  Plaintiff is cautioned that he may not seek to impose liability on Warden Biter, Chief Medical Officer Lopez, or any other defendant based merely upon position of authority, based on vague allegations regarding the failure to train staff, or based on other conclusory allegations.  Plaintiff must allege sufficient facts to support a plausible claim based on the knowing disregard of a substantial risk of harm to Plaintiff's health.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner, and Estelle, 429 U.S. at 106; McGuckin, 974 F.2d at 1059, and isolated occurrences of neglect do not rise to the level of an Eighth Amendment violation, O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir.

1990) (quotation marks omitted); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Here, it appears Plaintiff's main claim is that the delay in being seen by an orthopedic surgeon left his wrist deformed. Thus, Plaintiff must be able to link one or more prison officials to responsibility for this delay. Plaintiff also makes vague allegations regarding treatment for his pain, but his exhibits indicate he declined an injection of pain medication when he was first seen. To the extent that Plaintiff's pain was untreated at some other time, he must link one or more staff members to actions or omissions which rise to the level of deliberate indifference.

### III.    Conclusion and Order

Plaintiff's complaint fails to state a claim under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies. Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at __, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff a complaint form;

2.    Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:**   **April 13, 2012**                              /s/ Sheila K. Oberto
                                                                      UNITED STATES MAGISTRATE JUDGE