# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ROSAS,<br><br>   Plaintiff,<br><br>   v.<br><br>BITER, et al.,<br><br>   Defendants.<br>_____/ | Case No. 1:11-cv-01213-LJO-SKO (PC)<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE AND DENYING DEFENDANT'S PENDING MOTIONS AS MOOT<br><br>(Docs. 27, 28, and 35) |

Plaintiff Richard Rosas ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 22, 2011. This action is proceeding against Defendant Dileo ("Defendant") for denial of adequate medical care, in violation of the Eighth Amendment of the United States Constitution.

Defendant filed a motion for summary judgment on December 15, 2014, and on January 26, 2015, the Court issued an order requiring Plaintiff to file a response. Local Rule 230(*l*). Plaintiff was subsequently granted three extensions of time to file his response, and the most recent extension of time expired on June 1, 2015.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

1  prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and
2  (5) the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Products*
3  *Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations
4  omitted).

5       "The public's interest in expeditious resolution of litigation always favors dismissal,"
6  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citation and internal quotation marks
7  omitted), and Court's need to manage its docket weighs in favor of dismissal, as "[i]t is incumbent
8  upon the Court to manage its docket without being subject to routine noncompliance of litigants,"
9  *Pagtalunan*, 291 F.3d at 642 (citation and internal quotation marks omitted).  However, the Court
10 is constrained to find that the prejudice factor weighs against dismissal because the mere pendency
11 of an action does not constitute prejudice; and public policy favors disposition on the merits,
12 which weighs against dismissal. *In re PPA*, 460 F.3d at 1228; *Pagtalunan*, 291 F.3d at 642-43.

13      Nevertheless, there are no alternative sanctions which are satisfactory.  *In re PPA*, 460
14 F.3d at 1228-29; *Pagtalunan*, 291 F.3d at 643.  A monetary sanction has little to no benefit in a
15 case in which the plaintiff is proceeding in forma pauperis, and based on Plaintiff's failure to
16 comply with the Court's order, the Court is left with no alternative but to dismiss the action for
17 failure to prosecute.  *Id.*  This action, which has been pending since 2011, requires Plaintiff's
18 cooperation in its prosecution, the action cannot simply remain idle on the Court's docket, and the
19 Court is not in a position to expend its scant resources resolving an unopposed motion in light of
20 Plaintiff's demonstrated disinterest in continuing the litigation.  *Id.*  Plaintiff has had more than six
21 months within which to file his response to Defendant's motion, a period of time which was more
22 than adequate and lenient.

23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Accordingly, this action is HEREBY DISMISSED, with prejudice, for failure to prosecute; and Defendant's pending motions are denied as moot. *In re PPA*, 460 F.3d at 1226; Local Rule 110.

IT IS SO ORDERED.

    Dated: **June 22, 2015**          **/s/ Lawrence J. O'Neill**
                                                           UNITED STATES DISTRICT JUDGE